IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TERRY A. MESSER,

        Petitioner,

    v.

J. NUNEZ,

        Respondent.

Case No. 3:25-cv-01890-AN

OPINION AND ORDER

Terry A. Messer
19706-081
FCI SHERIDAN
Inmate Mail/Parcels
P.O. BOX 5000
SHERIDAN, OR 97378

    Petitioner, *Pro Se*

Scott E. Bradford
United States Attorney
Thomas Steven Ratcliffe, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorneys for Respondent

1 - OPINION AND ORDER

NELSON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP's") refusal to credit him with earned time credit under the First Step Act ("FSA") that he claims to have accrued over the course of 49 days. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is dismissed for lack of jurisdiction.

## BACKGROUND

Petitioner is currently incarcerated at FCI-Sheridan where he is serving a 240-month sentence for Distribution of Methamphetamine in violation of 21 U.S.C. § 841(A)(1). His current projected release date is March 30, 2029, and his projected release to a Residential Reentry Center ("RRC") is April 26, 2026 to be followed by placement in home confinement beginning September 30, 2028. Declaration of Neha Khan (#11), ¶¶ 3 & 5.

Petitioner claims that the BOP is wrongfully depriving him of time credits under the FSA to which he is entitled. It is uncontroverted that the BOP is not crediting him with being in FSA earning status for two periods of time when he was not participating in targeted recidivism programming: (1) 31 days he spent in COVID lockdown; and (2) 18 days he spent being transported from one prison to another. He claims that if he is awarded credit for being in earning status during these two intervals, he will be able to move more expeditiously into an RRC.

Petitioner also states that the RRC in Utah to which he is due to be transferred this spring has no bed space and there are no other RRCs in the State of Utah, thus the Court should order Respondent to place him on home confinement as soon as he is eligible for RRC placement. Respondent asserts that the Court lacks subject matter jurisdiction over this case and, alternatively, that Petitioner's claims lack merit.

2 - OPINION AND ORDER

**DISCUSSION**

Habeas corpus is the proper mechanism for a prisoner to use if a case challenges the legality of his physical confinement, and that challenge would affect the duration of the prisoner's confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus jurisdiction is specifically limited to situations where a prisoner's successful challenge would automatically lead to his speedier release from custody. *Pinson v. Carvajal*, 69 F.4th 1059, 1072 (9th Cir. 2023). Whether a claim sounds in habeas is not dependent solely on whether a prisoner requests release from custody. Instead, the Court must ask whether the petitioner's release from custody would be legally required were he to prevail. *Id* at 1072.

"Custody" with the BOP includes incarceration in a penitentiary, placement in a Residential Reentry Center ("RRC"), and home confinement. *See e.g. U.S. v. Earl,* 729 F.3d 1064, 1068-69 (9th Cir. 2013) ("a person is not 'released' from imprisonment merely because he is physically allowed to leave the prison," and home confinement is still service of a criminal sentence because the prisoner remains under the BOP's control and legal custody); *United States v. Miller*, 547 F.3d 1207, 1211 (9th Cir. 2008) ("Regardless of where the BOP elects to transfer a person, she or he remains under BOP custody until the prescribed term of 'imprisonment' expires."). If it is only a possibility that success on a claim could lead to a prisoner's earlier release from custody, then federal habeas corpus jurisdiction is not present. *Skinner v. Switzer*, 562 U.S. 521, 534 (2011).

In order to determine whether habeas jurisdiction is present in this case, it is first necessary to explore the FSA and its award of earned time credits. The FSA, which Congress enacted on December 21, 2018, incentivizes prisoners that the BOP deems to be either minimum or low risk

to complete evidence-based recidivism reduction programs in exchange for earned time credits they can utilize to accelerate their release from prison. The FSA provides that prisoners who participate in programming specifically targeted at reducing their risk of recidivism will earn between ten and fifteen days of time credits for every 30 days of programming, and those credits can be applied toward a reduction in their sentences up to a maximum of 365 days, or accelerate their release from prison into transitional housing. 18 U.S.C. § 3632(d)(4)(A), (B), (D); 18 U.S.C. § 3624(g). Once a prisoner earns 365 days of time credits under the FSA to attain the maximum sentence reduction, any additional FSA time credits he earns can be applied toward the possibility of prerelease custody, such as an RRC or home confinement. *Gonzalez v. Herrera*, 151 F.4th 1076, 1087 (9th Cir. 2025). Whether to place a federal prisoner in an RRC at all and, if so, where, are issues entirely within the discretion of the BOP. 18 U.S.C. § 3621(b); *Reeb v. Thomas*, 636 F.3d 1224, 1227-28 (9th Cir. 2011) (no habeas jurisdiction in the context of BOP discretionary decisions made pursuant to 18 U.S.C. §§ 3621-24); *Mohsen v. Graber*, 583 Fed. Appx. 841, 842 (9th Cir. July 29, 2014) (no RRC jurisdiction pursuant to *Reeb*).

In this case, Petitioner has already earned the maximum 365 days of FSA time credits that can be applied toward a reduction to his sentence. Khan Declaration (#11), ¶ 5. He has also accrued 480 days toward possible earlier RRC placement. *Id.* If Petitioner were to prevail in this habeas action, he could possibly be placed in an RRC at an earlier time, but the extra FSA time credits would do nothing to reduce the term of his actual sentence. Because a decision in Petitioner's favor would not necessarily result in his speedier release from custody, habeas corpus jurisdiction is absent. While Petitioner also asks the Court to order Respondent to place him directly in home

confinement, home confinement is still part of his sentence such that habeas jurisdiction is not present.

Petitioner's case is fundamentally a request to require the BOP to place him in a custodial setting of his preference. He prefers an RRC in Utah in lieu of confinement within a prison, seeks speedier transfer to the RRC, and he asks the Court to order the BOP to place him on home confinement if no bed is available at the Utah RRC. Where a federal prisoner serves out his sentence is an issue solely within the province of the BOP and is not subject to judicial review. *See* 18 U.S.C. § 3621(b) (unless otherwise provided by law, BOP designation of a place of imprisonment is not reviewable by any court); *Ahmad v. Jacquez*, 860 F. App'x 459, 461 (9th Cir. 2021) ("pursuant to 18 U.S.C. § 3621(b), Congress stripped federal courts of jurisdiction to review the BOP's individual designations of an inmate's place of imprisonment."). For all of these reasons, habeas corpus jurisdiction is absent.

Finally, even if a transfer to an RRC or home confinement could trigger habeas corpus jurisdiction, it is apparent that Petitioner has no liberty interest in the credits he seeks. The FSA provides for an award of time credits only if an eligible prisoner participates in programing specifically targeted to reduce his risk of recidivism. Petitioner was unable to participate in any such programming during the 49 days at issue. Because he was not actually earning time credits by participating in the targeted recidivism programming that forms the very core of the FSA time credit program, he can have no liberty interest in credits he never earned. *See, e.g., Brodheim v. Rowland*, 993 F.2d 716, 717 (9th Cir. 1993) (statute permitting work time credits "does not create liberty interest in work credits for inmates who have not engaged in any work that would entitle them to such credits").

5 - OPINION AND ORDER

## **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is dismissed for lack of jurisdiction.

IT IS SO ORDERED.

3/5/2026
DATE

*Adrienne Nelson*
Adrienne Nelson
United States District Judge